UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAI BENNETT,

                                                Case No.: 6:23-cv-963-RBD-EJK

    Plaintiff,

v.

HUVI, INC.,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Huvi, Inc., through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answers Plaintiff's Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

## NATURE OF ACTION

1. Plaintiff's claims speak for themselves; accordingly, no response is required to this Paragraph 1. To the extent a response is required by Defendant, the allegations of this Paragraph 1 are denied.

1

## JURISDICTION AND VENUE

2. Defendant admits that this Court has original subject matter jurisdiction over claims brought pursuant to the Fair Labor Standards Act (29 U.S.C. §§201 – 219), but otherwise denies the allegations set forth in this Paragraph 1of the Complaint.

3. Defendant admits the Middle District of Florida is proper but denies that the lawsuit was properly filed in the Tampa Division. Defendant admits that the lawsuit was properly transferred to the Orlando Division.

4. Defendant admits that venue is proper in the Middle District of Florida Orlando Division and that Defendant's principal place of business is maintained within the jurisdictional boundaries of this Court, but otherwise deny the allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

5. Defendant is without knowledge as to the allegations set forth in Paragraph 3 of the Complaint.

6. Defendant admits it is organized under the laws of Florida and that it is located at the address stated in this Paragraph 6. Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

7. Defendant admits that Plaintiff was an employee of Defendant but denies the remaining allegations of Paragraph 75 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

## ALLEGATIONS OF FACT

9. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 119 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 1210 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 1311 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 1412 of the Complaint.

3

## COUNT I
## Unpaid Wages Under the FLSA

15. Defendant restates and incorporates its responses to Paragraphs 1 through 14 of the Complaint, as if fully set forth herein.

16. Defendant admits the allegations set forth in Paragraph 16 14 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 1715 of the Complaint.

18. Defendant admits the allegations set forth in Paragraph 1816 of the Complaint.

19. Defendant admits the allegations set forth in Paragraph 1917 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 2018 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 2119 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 2220 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

23. Defendant denies the allegations set forth in Paragraph 2321 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 2422 of the Complaint.

In response to the unenumerated WHEREFORE paragraph following Paragraph 24, including subsections (a) through (e), Defendant denies that Plaintiff is entitled to any relief as demanded, denies that there will be any issues to be judged at a trial, and denies any and all other allegations set forth in this Paragraph.

## COUNT III[1]
### Florida Minimum Wage, Fla. Stat 448.10

25. Defendant restates and incorporates its responses to Paragraphs 1 through 14 of the Complaint, as if fully set forth herein.

26. Defendant denies the allegations set forth in Paragraph 2624 of the Complaint.

27. Defendant is without knowledge as to the allegations set forth in Paragraph 2725 of the Complaint.

---

[1] Complaint incorrectly labels Count II as Count III. There is no Count II within the Plaintiff's Complaint.

28. Defendant denies the allegations set forth in Paragraph 2826 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 2927 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 3028 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 3129 of the Complaint.

In response to the unenumerated WHEREFORE paragraph following Paragraph 31, including subsections (a) through (d), Defendant denies that Plaintiff is entitled to any relief as demanded, denies that there will be any issues to be judged at a trial, and denies any and all other allegations set forth in this Paragraph.

## COUNT IV
**Breach of Contract Under Florida Common Law**

32. Defendant restates and incorporates its responses to Paragraphs 1 through 14 of the Complaint, as if fully set forth herein.

33. Denied as phrased. Defendant admits Plaintiff was paid an annual salary of $52,000. The remaining allegations of this Paragraph 33 are denied.

34. Defendant denies the allegations set forth in Paragraph 3431 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 3532 of the Complaint.

In response to the unenumerated WHEREFORE paragraph following Paragraph 35, including subsections (a) through (d), Defendant denies that Plaintiff is entitled to any relief as demanded, denies that there will be any issues to be judged at a trial, and denies any and all other allegations set forth in this Paragraph.

## GENERAL DENIAL

All allegations not expressly admitted are denied.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

## FIRST DEFENSE

Plaintiff's claims are barred because all wages due were paid.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work the hours claimed.

7

www.spirelawfirm.com
Employment Attorneys

### THIRD DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that its actions were in compliance with the FLSA; therefore, Plaintiff is not entitled to liquidated damages.

### FOURTH DEFENSE

Defendants were not reckless and did not show a reckless disregard for whether its conduct was prohibited by the FLSA; accordingly, the two-year statute of limitation applies.

### FOURTH DEFENSE

Plaintiff's claims are barred based on the doctrines of estoppel, laches, or unclean hands.

### SIXTH DEFENSE

If Plaintiff is deemed to be an employee covered by the minimum wage and overtime requirements of the FLSA, Plaintiff's claims are barred to the extent the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimus, and are not compensable under the FLSA or any other applicable law or regulation.

## SEVENTH DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 5th day of June, 2023.

        Respectfully submitted,

        SPIRE LAW, PLLC
        2572 W. State Road 426, Suite 2088
        Oviedo, Florida 32765

        By: */s/ Jamie White*
        Jamie L. White, Esq.
        Florida Bar No. 100018
        Whitney M. DuPree, Esq.
        Florida Bar No. 110036
        jamie@spirelawfirm.com
        whitney@spirelawfirm.com
        marcela@spirelawfirm.com
        filings@spirelawfirm.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2023, the foregoing was electronically filed with the Court by using the CM/ECF portal, which will send a notice of electronic filing to Plaintiff's counsel, Gary L. Printy, Jr., Esq., PRINTY & PRINTY, P.A., 3411 W. Fletcher Ave., Suite A, Tampa, Florida 33618, Primary Email: garyjr@printylawfirm.com.

*/s/ Jamie White*
Attorney