**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KAI BENNETT,

                                      Case No.:  6:23-cv-963-RBD-EJK

        Plaintiff,

v.

HUVI, INC.,

        Defendant.

_____/

## JOINT NOTICE IN RESPONSE TO COURT ORDER

Plaintiff Kai Bennett ("Plaintiff") and Defendant Huvi, Inc. ( "Defendant") hereby file this Notice and state the following in response to the Court's Order entered on September 1, 2023 (Doc. 30):

1. **State whether the consideration in the separate agreement is greater than $250.**

   **RESPONSE:** Yes; the consideration in the Separate Agreement is greater than $250.

2. **State whether the consideration has already been paid.**

   **RESPONSE:** No; the consideration for the Separate Agreement has not yet been paid; however, it is due to Plaintiff on or before Friday, September 24, 2023.

3. **State what claims Plaintiff is releasing pursuant to the separate agreement.**

1

**RESPONSE:** The Separate Agreement includes a mutual general release of all non-FLSA claims that Plaintiff has against Defendant, including its parents, subsidiaries, affiliates, predecessors, successors, joint employers, and assigns, and each of its and their respective agents, officers, directors, employees, members, managers and agents, in their corporate and individual capacities, arising on or before August 25, 2023, *except* for the claims excluded under Paragraph 5(b) of the Separate Agreement, as set forth below:

> **Plaintiff's general release of Plaintiff Claims in Paragraph 5(a) shall exclude, and Plaintiff does not waive, release, or discharge:** (i) **Plaintiff Claims released or covered under the FLSA Settlement Agreement**; (ii) any right to file an administrative charge or complaint with or testify, assist, or participate in an investigation, hearing, or proceeding conducted by the Equal Employment Opportunity Commission or other similar federal or state administrative agencies, although Plaintiff waives any right to monetary relief related to any filed charge or administrative complaint; (iii) Plaintiff Claims that cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation; and (iv) any right to file an unfair labor practice charge under the National Labor Relations Act.

4. **State whether acceptance of the FLSA Settlement Agreement was conditioned upon acceptance of the separate agreement.**

   **RESPONSE:** No; acceptance of the FLSA Settlement Agreement was not conditioned upon acceptance of the Separate Agreement.

Dated this 5th of September 2023.

Respectfully submitted,

/s/ Jamie L. White
Jamie L. White, Esq.
Florida Bar No. 100018
Whitney DuPree, Esq.
Florida Bar No. 110036
SPIRE LAW, PLLC
2752 W. State Road 426, Suite 2088
Oviedo, Florida 32765
jamie@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Defendant*

/s/ Gary L. Printy, Jr.
Gary L. Printy, Jr., Esq.
Fla. Bar No.: 41956
PRINTY LAW FIRM
5407 N Florida Ave
Tampa, Florida 33604
garyjr@printylawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby Certify that on this 5th day of September, 2023, the foregoing was electronically filed with the Court by using the CM/ECF portal, which will send a notice of electronic filing to Plaintiff's counsel, Gary L. Printy, Jr., Esq., PRINTY & PRINTY, P.A., 5407 N Florida Ave., Tampa, FL 33604, Primary Email: garyjr@printylawfirm.com.

/s/ Jamie White
Attorney

3